UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

JOSEPH BENJAMIN TAYLOR, III,

    Defendant-Movant.
_____/

Case No. 1:98-cr-59

Honorable Janet T. Neff

### ORDER

Currently pending before the Court is Defendant Joseph Benjamin Taylor, III's *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 307.)

On February 12, 1999, following a jury trial, Defendant was found guilty of the following offenses: (1) being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); (2) possession with intent to distribute powder cocaine, in violation of 21 U.S.C. § 841(a)(1); (3) possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1); (4) possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1); and (5) conspiracy to distribute crack cocaine, in violation of 21 U.S.C. § 846. *See United States v. Taylor*, 248 F.3d 506, 509 (6th Cir. 2001). The Court sentenced Defendant to an aggregate sentence of 420 months' imprisonment, followed by a total of 10 years' supervised release. *See id.*; (ECF No. 205, PageID.261.) On appeal, Defendant challenged the Court's denial of his motion to suppress. *See Taylor*, 248 F.3d at 509. The Sixth Circuit concluded that the search of Defendant's apartment did not violate the Fourth Amendment and, therefore, affirmed this Court's judgment. *See id.*

Defendant subsequently filed a § 2255 motion, raising three claims of ineffective assistance of counsel. (ECF No. 145.) In an opinion and order (ECF Nos. 164, 165) entered on September 27, 2025, the Court denied Petitioner's § 2255 motion. Defendant appealed, and the Sixth Circuit affirmed the denial of Defendant's § 2255 motion in an opinion entered on May 28, 2008. *See Taylor v. United States*, 279 F. App'x 368, 368 (6th Cir. 2008).

In 2013, the Court granted Defendant's motion for a sentence reduction pursuant to Amendment 750 to the United States Sentencing Guidelines. (ECF Nos. 212, 213.) Defendant's aggregate sentence was reduced to 320 months' imprisonment. (ECF No. 213, PageID.428.) Two years later, Defendant received the benefit of another sentence reduction pursuant to Amendment 782 to the United States Sentencing Guidelines and 18 U.S.C. § 3582, and his aggregate sentence was reduced to 240 months' imprisonment. (ECF Nos. 224, 225.)

Defendant's term of supervised release commenced on July 6, 2016. (ECF No. 228, PageID.510.) On June 19, 2017, the Court granted the Probation Office's request that a warrant be issued for Defendant's arrest. (ECF No. 230.) The Probation Office's petition set forth that Defendant had been found in possession of four firearms, in violation of 18 U.S.C. § 922(g)(1), and requested that Defendant's supervised release be revoked.[1] (*Id.*) Defendant, through counsel, subsequently filed a motion to suppress, arguing that the search of the crawlspace in Defendant's residence was unreasonable because Defendant did not consent to the search. (ECF No. 252, PageID.555.) Defendant filed a *pro se* supplemental motion and brief in support of suppression on

---

[1] Defendant was also charged in a one-count Indictment with being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1). *See* Indictment, *United States v. Taylor*, No. 1:18-cr-56 (W.D. Mich.) (ECF No. 1). Defendant pleaded guilty in that case and was sentenced to 50 months' imprisonment, to be followed by 3 years of supervised release. *See* Judgment, *id.* (ECF No. 73).

October 20, 2017. (ECF No. 255.) The Court held a hearing regarding the motion to suppress on December 12, 2017. That same day, the Court entered an order (ECF No. 262) denying the motion.

On January 8, 2018, the Court found Defendant guilty of violating his supervised release, revoked his release, and sentenced Defendant to 18 months' imprisonment, to be followed by a new term of 24 months of supervised release. (ECF No. 266, PageID.651–52.) Defendant appealed, arguing that the Court "did not make a proper *Faretta*[*v. California*, 422 U.S. 806 (1975)] inquiry before allowing him to proceed *pro se*." (ECF No. 278, PageID.827.) The government disputed that a *Faretta* inquiry is required for supervised release revocation proceedings, but filed a motion to remand because the record did not establish whether Defendant's waiver of counsel was knowing and voluntary. (*Id.*) In an order entered on July 18, 2018, the Sixth Circuit granted the motion to remand, vacated the revocation judgment, and remanded the matter for this Court to conduct a new supervised release hearing. (*Id.*, PageID.828.)

The Court conducted the new revocation hearing on July 15, 2019. At that hearing, Defendant admitted to violating his supervised release. (ECF No. 303, PageID.1029.) The Court revoked Defendant's release and sentenced him to 14 months' incarceration, which the Court recommended "be retroactive to June 15, 2017."[2] (*Id.*, PageID.1030.) The Court also imposed 36 months of supervised release, to begin when Defendant was released from imprisonment. (*Id.*, PageID.1031.)

Defendant filed the instant § 2255 motion on July 21, 2020. (ECF No. 307.) In an order (ECF No. 308) entered on July 27, 2020, the Court deemed the motion to be second or successive and transferred it to the Sixth Circuit for further consideration. In an order (ECF No. 309) entered

---

[2] This sentence was also directed to run concurrently to the sentence imposed upon Defendant by this Court in Criminal Act. 1:18-cr-56. (ECF No. 303, PageID.1030.)

3

on March 15, 2021, the Sixth Circuit denied Defendant's motion to file a second or successive § 2255 motion as unnecessary because it was the first motion Defendant had filed to challenge his supervised release revocation and sentence. (*Id.*, PageID.1076.) The Sixth Circuit remanded the matter to this Court for further proceedings. On March 23, 2021, the Court ordered the government to file a response to the motion. (ECF No. 310.) After receiving extensions of time to do so (ECF Nos. 313, 314, 315, 316), the government filed its response (ECF No. 318) on August 10, 2021. Defendant has not filed a reply, and the time for him to do so has expired. The docket reflects that Defendant's supervised release re-commenced on December 31, 2020, and expired on December 30, 2023. (ECF No. 320, PageID.1125.)

In his § 2255 motion, Defendant raises three claims of ineffective assistance. First, Defendant primarily faults counsel for not filing a new notice of appeal following the Court's final revocation of Defendant's supervised release so that Defendant could challenge the denial of the motion to suppress evidence. Second, Defendant avers that counsel did not handle the suppression motion adequately because counsel failed to include certain arguments and facts that Defendant set forth in his *pro se* brief and motion. Third, Defendant faults counsel for not obtaining photographic evidence of the crawl space where the firearms were discovered, preventing full and fair review of Defendant's suppression motion. (ECF No. 307.)

In response, the government asserts that "the factual issues related to whether [Defendant] instructed his counsel to file a notice of appeal are likely to be difficult to resolve." (ECF No. 318, PageID.1114.) The government acknowledges that "prejudice is presumed if there was an instruction to file a notice, . . . and the presumption applies even where the defendant has waived the right to appeal, . . . and could be read to apply even where an appeal lacks merit." (*Id.*) The

4

government states that the "most efficient way to resolve this matter is for the Court to grant [Defendant/s'] § 2255 motion, limited to permitting him to file a delayed notice of appeal." (*Id.*)

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the defendant must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. *Id.* at 687. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The Court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment. *Id.* at 691.

The Supreme Court has held that counsel has a constitutionally imposed duty to consult with his or her client about taking an appeal when there is reason to believe that (1) a rational defendant would want to appeal or (2) this particular defendant has expressed interest in taking an appeal. *See Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000). The Sixth Circuit has held that failure to perfect a direct appeal, in derogation of a defendant's express request, violates the Sixth Amendment. *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998). Prejudice is, therefore,

presumed "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken." *Flores-Ortega*, 528 U.S. at 484. That presumption applies even in situations where a defendant has signed an appeal waiver. *See Garza v. Idaho*, 586 U.S. 232, 242 (2019). Accordingly, "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal,' with no need for a 'further showing' of his claims' merit." *Id.* (quoting *Flores-Ortega*, 528 U.S. at 484).

Here, Defendant contends that counsel was ineffective for failing to file a notice of appeal after Defendant's supervised release was revoked. (ECF No. 307, PageID.1042.) Defendant avers that after the final hearing, counsel told Defendant that he would be filing a notice of appeal challenging the revocation, as well as challenging Defendant's conviction and sentence in Criminal Action 1:18-cr-56. (*Id.*, PageID.1050.) Defendant avers that he did not learn that a notice of appeal had not been filed in the instant matter until he arrived at federal prison and spoke to his appellate attorney. (*Id.*)

As set forth above, the government has set forth that the most efficient way to resolve this matter is to grant Defendant's § 2255 motion, limited to allowing Defendant to file a delayed notice of appeal. (ECF No. 318, PageID.1114.) However, the government filed its response in 2021, when Petitioner was serving his re-commencement of supervised release following his release from custody. (ECF No. 320, PageID.1125.) The record reflects that Petitioner's supervised release expired on December 30, 2023. (*Id.*)

In the context of parole revocations, the Supreme Court has held that, without proof of ongoing collateral consequences stemming from that revocation, an unconditional release from custody moots a defendant's challenge to the allegedly erroneous revocation. *See Spencer v.*

6

*Kemna*, 523 U.S. 1, 8–16 (1998). Several federal courts of appeals have applied *Spencer* to challenges to supervised release revocations. *See, e.g.*, *United States v. King*, 891 F.3d 868, 869–70 (9th Cir. 2018); *United States v. Hardy*, 545 F.3d 280, 284 (4th Cir. 2008); *United States v. Jackson*, 523 F.3d 234, 241 (3d Cir. 2008); *United States v. Mazzillo*, 373 F.3d 181, 182–83 (1st Cir. 2004); *United States v. Meyers*, 200 F.3d 715, 721 n.2 (10th Cir. 2000); *United States v. Clark*, 193 F.3d 845, 847–48 (5th Cir. 1999) (per curiam); *United States v. Probber*, 170 F.3d 345, 347–49 (2d Cir. 1999).

In light of the fact that Defendant is no longer on supervised release and, therefore, is no longer "in custody" for purposes of § 2255, Defendant's challenges to the revocation of his supervised release are moot unless Defendant can "show[] that he 'is suffering, and will continue to suffer, serious disabilities'—collateral consequences—as a result of the [revocation]." *Pola v. United States*, 778 F3d 525, 530 (6th Cir. 2015) (quoting *Carafas v. LaVallee*, 391 U.S. 234, 238–39 (1968)). Before concluding that this matter is moot, however, the Court will provide the parties an opportunity to brief the issues. Accordingly,

**IT IS ORDERED** that within 14 days of the date of this Order, Defendant shall file a brief addressing the collateral consequences, if any, he continues to suffer as a result of the revocation of his supervised release. The government may file a response to Defendant's brief within 14 days of the date on which Defendant files it.

Dated:   June 4, 2024                                      /s/ Janet T. Neff
                                                            Janet T. Neff
                                                            United States District Judge